[No. 68060-4. En Banc.]
Argued November 18, 1999.      Decided January 13, 2000.
CERTIFICATION FROM THE UNITED STATES
DISTRICT COURT FOR THE WESTERN
DISTRICT OF WASHINGTON
IN
JAMES E. HOFFMAN, ET AL., *Plaintiffs*, v. REGENCE BLUE SHIELD, *Defendant*.

*Sirianni & Youtz* by *Stephen J. Sirianni, Jonathan P. Meier* and *Richard E. Spoonemore*, for plaintiffs.

*Richard J. Birmingham*; and *Carney, Badley, Smith & Spellman* by *Timothy J. Parker* and *Mark E. Cavanagh*, for defendant.

*Christine O. Gregoire, Attorney General*, and *Horace Lee Roussel, Assistant*, on behalf of Washington State Insurance Commission, amicus curiae.

*Sarah Barian Yates*, on behalf of Group Health Cooperative of Puget Sound, amicus curiae.

JOHNSON, J. — The United States District Court, Western District of Washington, certified the following two questions under chapter 2.60 RCW:

1. Which of defendant's health plans are, and which are not, subject to the requirements of RCW 48.43.045?

2. With respect to health plans delivered, issued for delivery, or renewed by defendant and governed by RCW 48.43.045, does the statute permit defendant to limit or exclude coverage for health services or care rendered by certain categories of health care providers? If so, when and under what circumstances may defendant include such limitations or exclusions in its health plans?

Order on Questions for Certification to the Washington Supreme Court at 2-3 (Order).

The underlying case in federal court is a class action lawsuit against Regence Blue Shield (Regence) brought by individual insureds under Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001) governed health plans. Plaintiffs challenge the legality of Regence's interpretation of RCW 48.43.045 (sometimes referred as the "every category of provider" or the "alternative provider" statute).[1] Plaintiffs claim Regence illegally excluded or limited medical care services from alternative medical providers. In the underlying federal suit, plaintiffs seek

---

[1]See, e.g., Washington Physicians Serv. Ass'n v. Gregoire, 967 F. Supp. 424, 426 (W.D. Wash. 1997), rev'd on other grounds, 147 F.3d 1039 (9th Cir. 1998); Melanie K. Curtice, Comment, Every Category of Provider: Hindsight is 20/20 Vision, 21 SEATTLE U. L. REV. 317, 319 n.11 (1997).

declaratory and injunctive relief and monetary damages. This case requires us to interpret RCW 48.43.045, which has not been considered by any Washington State court. The Washington State Insurance Commissioner (Insurance Commissioner) has promulgated regulations interpreting the requirements of the statute. *See* WAC 284-43-130. This interpretation is challenged by Regence.

## FIRST CERTIFIED QUESTION

Which of defendant's health plans are, and which are not, subject to the requirements of RCW 48.43.045?

Order at 2. Since we have not been provided with copies of Regence's health plans, this question is abstract.[2] We can, however, answer generally by analyzing the statute. The statute itself speaks in broad terms: *"Every health plan* delivered, issued for delivery, or renewed by a *health carrier . . . shall*: (1) *Permit every category of health care provider* to provide health services or care for conditions included in the *basic health plan services . . . ."* RCW 48.43.045(1) (emphasis added).

Plaintiffs argue the statute requires that insurance plans cover care from licensed professionals providing "alternative care" (such as chiropractic, naturopathic, and massage therapy) for covered basic health care conditions. Regence responds that the statute requires only managed health plans to provide alternative care.

Support for the plaintiffs' position is found in regulations adopted by the Insurance Commissioner which interpret the requirements of the statute. Regence counters by arguing the regulations misinterpret the type of health plans governed by the statute, contending the statute applies to managed care only. Therefore, resolution of the question of whether the regulations correctly interpret the statute resolves the certified question.

---

[2]Plaintiff Hoffman has described his insurance policy in a reply brief. Regence has made a motion to strike those references, and a second motion to strike two exhibits. These motions are denied as moot.

■■■ When reviewing a regulation, "[a] court must give great weight to the statute's interpretation by the agency which is charged with its administration, absent a compelling indication that such interpretation conflicts with the legislative intent." *Marquis v. City of Spokane*, 130 Wn.2d 97, 111, 922 P.2d 43 (1996) (citing *Washington Water Power Co. v. Washington State Human Rights Comm'n*, 91 Wn.2d 62, 68-69, 586 P.2d 1149 (1978)). Furthermore, a regulation will be upheld so long as it is reasonably consistent with the statute. *See Manor v. Nestle Food Co.*, 131 Wn.2d 439, 454, 932 P.2d 628, 945 P.2d 1119 (1997), *cert. denied*, 523 U.S. 1102, 118 S. Ct. 1574, 140 L. Ed. 2d 807 (1998). The Administrative Procedure Act, chapter 34.05 RCW, provides the framework for analyzing whether deference is appropriate in any particular case:

> In a proceeding involving review of a rule, the court shall declare the rule invalid only if it finds that: The rule violates constitutional provisions; the rule exceeds the statutory authority of the agency; the rule was adopted without compliance with statutory rule-making procedures; or the rule is arbitrary and capricious.

RCW 34.05.570(2)(c).

The regulation interpreting the statutory requirements for health carriers and health plans states in relevant part:

> Every category of health care providers.
>
> (1) To effectuate the requirement of RCW 48.43.045 that health plans provide coverage for treatments and services by every category of provider, *health carriers shall not exclude any category of providers licensed by the state of Washington who provide health care services or care within the scope of their practice for conditions covered by basic health plan (BHP) services* as defined by RCW 48.43.005(4).

WAC 284-43-205(1) (emphasis added).

This regulation interprets the statute as requiring every health carrier to cover every category of provider licensed to treat any condition that is both covered by the specific

health plan and the basic health plan. Regence argues the regulation illegally expands coverage to nonmanaged health plans. In essence, it argues the regulation arbitrarily and capriciously applies the statute to nonmanaged health plans. We do not agree.

The test to determine if the regulation is arbitrary and capricious was recently restated in *Manor*, 131 Wn.2d 439:

> "The court's task is to determine if a given regulation is reasonable without substituting this court's judgment for that of the agency." A three-part test applies:
>
>> First, the court inquires if the agency's explanation of its own rule is clear. Second, the court must ask if the agency utilized the appropriate statutory framework, whether it used correct factors in deciding the rule, and if it avoided improper factors. Third, the court must decide if a decision-maker could have reached the conclusion reached by the agency (taking the foregoing into account) by some reasonable process.

*Manor*, 131 Wn.2d at 454 (quoting *Neah Bay Chamber of Commerce v. Department of Fisheries*, 119 Wn.2d 464, 473-74, 832 P.2d 1310 (1992)).

Applying this test to the present case, we find the regulation is clear. There is no allegation the agency did not follow the appropriate statutory framework. Therefore, the focus is on whether the Insurance Commissioner could have reached this interpretation by a reasonable process. We turn to the statutory definitions to determine if the agency appropriately read the statute as reaching more than merely managed care plans.

Under the statute, "health plan" is defined as "any policy, contract, or agreement offered by a health carrier to provide, arrange, reimburse, or pay for health care services . . . ." RCW 48.43.005(18). This broad definition includes all health insurance plans (though other provisions of the law do exempt some). "Basic health plan services" is defined as "that schedule of covered health services, includ-

ing the description of how those benefits are to be administered, that are required to be delivered to an enrollee under the basic health plan, as revised from time to time." RCW 48.43.005(4). Essentially, this is a basic schedule of services the Legislature has decided shall be offered to all Washington residents.

"Health carrier" is defined as "a disability insurer regulated under chapter 48.20 or 48.21 RCW, a health care service contractor as defined in RCW 48.44.010, or a health maintenance organization as defined in RCW 48.46.020." RCW 48.43.005(17). Health carriers are those entities that offer health plans.

To illustrate how broadly "health carrier" is defined, we turn to one of its component parts. "Health care service contractors" is defined as:

> [A]ny corporation, cooperative group, or association, which is sponsored by or otherwise intimately connected with a provider or group of providers, who or which not otherwise being engaged in the insurance business, accepts prepayment for health care services from or for the benefit of persons or groups of persons as consideration for providing such persons with any health care services.

RCW 48.44.010(3). This statutory definition specifically includes managed care, as well as all health care insurance plans offered by health carriers. Since the regulation uses exactly the same definitions as the statute, it correctly follows and interprets the language of the statute and is not arbitrary and capricious. *See, e.g.*, WAC 284-43-130(10) (defining health carriers identically to the statute).

While most insurance plans are covered by RCW 48.43.045, the statute does not reach every health condition. The statute and regulation clearly mandate that only the conditions listed in the basic health plan services trigger the requirement that alternative licensed health care providers be covered to treat the specified condition. We find the regulation is consistent with RCW 48.43.045. The Insurance Commissioner's interpretation of the statute is consistent with the Legislature's intent.

The first certified question is answered as follows: every health plan offered by Regence (with the exception of basic health model plans)[3] is subject to RCW 48.43.045.

## SECOND CERTIFIED QUESTION

With respect to health plans delivered, issued for delivery, or renewed by defendant and governed by RCW 48.43.045, does the statute permit defendant to limit or exclude coverage for health services or care rendered by certain categories of health care providers? If so, when and under what circumstances may defendant include such limitations or exclusions in its health plans?

Order at 2-3. To the extent the discussion and resolution of the first certified question leaves any matters unresolved, we find we are without a sufficient record to further guide the district court. We have previously held that whether to answer a certified question is within the discretion of this court. *In re Elliott*, 74 Wn.2d 600, 607-10, 446 P.2d 347 (1968) (plurality); *see also* RAP 16.16(a) (the "Supreme Court may entertain a petition to determine a question of law certified to it . . . .").

We conclude any decision without a complete record could affect issues outside the questions certified and possibly bind entities who are not parties to this lawsuit, possibly in unanticipated ways. Whether or not a health plan complies with the statute and the regulations must be determined on a case-by-case analysis of actual contractual language. Without that specific record before us, we conclude any attempt to answer the second certified question is improvident.

GUY, C.J., SMITH, MADSEN, ALEXANDER, TALMADGE, SANDERS, and IRELAND, JJ., and AGID, J. PRO TEM., concur.

Reconsideration granted in part and opinion modified March 24, 2000.

---

[3]Whether basic health model plans are covered by RCW 48.43.045 is not properly before this court.