11 P.3d 818 (2000)
142 Wash.2d 57
STATE of Washington, Petitioner,
v.
Aaron C. BROWN, Respondent.
No. 68466-9.
Supreme Court of Washington, En Banc.
Decided October 26, 2000.
Christine Gregoire, Attorney General, Kasey Kneip, Olympia, for Petitioner.
Makus & Makus, Jerry Makus, Walla Walla, for Respondent.
JOHNSON, J.
Aaron Brown (Brown) was charged with persistent prison misbehavior, RCW 9.94.070. The trial court dismissed the charge and declared the statute unconstitutional. The Court of Appeals affirmed. We affirm the result on more narrow grounds.

*819 FACTS
On August 13, 1997, Brown, an inmate at the Walla Walla State Correctional Facility, committed a serious infraction: refusing to stand when ordered to do so by a correctional officer to facilitate a search of his cell. WAC 137-28-260(556). Brown had no earned early release credit and was, therefore, charged in Walla Walla Superior Court with persistent prison misbehavior. RCW 9.94.070. At that point, Brown had committed at least 175 serious infractions while incarcerated. The trial judge dismissed the charge, finding "RCW 9.94.070 constitutes an unconstitutional delegation of Legislative authority to the Department of Corrections [DOC]...." Clerk's Papers at 124. The judge also expressed concern the serious infraction rules adopted by the DOC were not promulgated correctly, noting:
[The statute] provides that the rules be "adopted under RCW 72.09.130." When you look at the serious infractions, they were passed under RCW 72.01.090 which is a different section.... So we have a statute saying you are supposed to pass it under one section and they actually passed it under something else....
2 Report of Proceedings at 5.
The State appealed. The Court of Appeals affirmed the trial court's dismissal of the charge on the ground there were inadequate procedural safeguards to restrain the potential abuse of agency discretion, thereby making the statute unconstitutional. State v. Brown, 95 Wash.App. 952, 960-61, 977 P.2d 1242 (1999). The court also noted, while it was technically correct that the DOC failed to follow the explicit requirement in RCW 9.94.070(2) to promulgate the serious infraction rules under RCW 72.09.130, "the trial court apparently accepted the proposition that the Legislature legislated with reference to the existing rules defining serious infractions." Brown, 95 Wash.App. at 960, 977 P.2d 1242. The court added, however, "that the problem of procedural safeguards discussed above would be further exacerbated by DOC's designation of new serious infractions subsequent to the passage of RCW 9.94.070." Brown, 95 Wash.App. at 960, 977 P.2d 1242. The Court of Appeals vacated the charge by holding the persistent prison misbehavior statute entirely unconstitutional and declined to rest its decision on the narrow, but recognized, ground that the DOC had failed to promulgate rules under the governing statute, RCW 72.09.130. Brown, 95 Wash.App. at 960-61, 977 P.2d 1242.
The State petitioned for review, which this court granted.

ANALYSIS
Inmates incarcerated in Washington State prisons are allowed to accumulate "earned early release days" and other privileges for good behavior and good performance while imprisoned. RCW 72.09.130(1). The ability to earn early release credit creates an incentive for inmates to follow internal prison rulesa sentence may be reduced by as much as one-third of the total sentence if the inmate does not accumulate serious infractions. RCW 9.94A.150(1); In re Personal Restraint of Smith, 139 Wash.2d 199, 201-02, 986 P.2d 131 (1999). However, those inmates who fail to comply with the internal prison rules can lose their good time credit. RCW 72.09.130(1) authorizes the DOC to decrease the degree of liberty, to withhold privileges, and to decrease the number of earned early release days for inmates who fail to comply with internal prison rules. Some inmates have no earned early release credits. Brown is one of those inmates.
Maintaining discipline over inmates who have no earned early release credit is of concern to the DOC, in part because these inmates have less reason to obey internal prison rules. In 1995, the Legislature responded to the DOC's concerns by enacting the persistent prison misbehavior statute, RCW 9.94.070. This statute says in relevant part:
(1) An inmate of a state correctional institution ... commits the crime of persistent prison misbehavior if the inmate knowingly commits a serious infraction, that does not constitute a class A or class B felony, after losing all potential earned early release time credit.
(2) "Serious infraction" means misconduct that has been designated as a serious *820 infraction by department of corrections rules adopted under RCW 72.09.130.
RCW 9.94.070(emphasis added).
As Brown notes, following the enactment of RCW 9.94.070, the DOC did not promulgate its serious infraction rules under RCW 72.09.130 according to the statutory requirements. The DOC's serious infraction rules remained in its disciplinary code, chapter 137-28 WAC,[1] and the DOC simply continued to administer its discipline system under a general grant of powers set out in RCW 72.01.090.[2] Brown contends the DOC's failure to appropriately promulgate the list of infractions that can form the basis of a prosecution under RCW 9.94.070 bars the State from prosecuting him. We agree.
RCW 72.09.130 establishes a system wherein inmates can earn and lose early release days and privileges. The statute states in relevant part:
(1) The department shall adopt, by rule, a system that clearly links an inmate's behavior and participation in available education and work programs with the receipt or denial of earned early release days and other privileges. The system shall include increases or decreases in the degree of liberty granted the inmate within the programs operated by the department, access to or withholding of privileges available within correctional institutions, and recommended increases or decreases in the number of earned early release days that an inmate can earn for good conduct and good performance.
(2) Earned early release days shall be recommended by the department as a reward for accomplishment.
RCW 72.09.130. This statute clearly does not contemplate that the violation of internal prison rules could result in a felony prosecution; by its terms, it deals only with maintaining internal prison discipline by creating a system of incentives for conforming behavior and disincentives for nonconforming behavior. Therefore, the rules were not drafted with the requisite statutory requirements in mind and cannot comply with the requirements of the persistent prison misbehavior statute.
To have the force of law, an administrative regulation must be properly promulgated pursuant to a legislative delegation. Manor v. Nestle Food Co., 131 Wash.2d 439, 445, 932 P.2d 628, 945 P.2d 1119 (1997), cert. denied, 523 U.S. 1102, 118 S.Ct. 1574, 140 L.Ed.2d 807 (1998). Agencies are creatures of law and are required to promulgate regulations pursuant to the statute or statutes authorizing them.[3]See Hoffman v. Regence Blue Shield, 140 Wash.2d 121, 125, 991 P.2d 77 (2000). While the DOC is exempt from the Administrative Procedure Act (APA), RCW 34.05.030(1)(c), it must still exercise delegated authority under the restraints of the statutes delegating the authority. Cf. RCW 34.05.570(2)(c)(requiring courts to invalidate regulations passed in violation of statutory rule-making procedures where the APA governs).
The mere fact the DOC had a preexisting list of internal prison rules labeled "serious infractions" is not enough to fulfill the statutory mandate in RCW 9.94.070. The DOC erred by simply applying its list of "serious infractions" already promulgated pursuant to RCW 9.94.070(2) in a different context to give substance to a class C felony. We affirm the trial court's dismissal of the charge against Brown.[4]
GUY, C.J., SMITH, MADSEN, ALEXANDER, and SANDERS, JJ., concur.
*821 TALMADGE, J. (dissenting).
Aaron Brown was a persistent disciplinary problem in the correctional system. He lost any opportunity for good time (earned early release) credits against his sentence because he committed at least 175 serious infractions while incarcerated. Brown exemplifies why our Legislature enacted RCW 9.94.070, creating a new crime of persistent prison misbehavior. The majority today employs logic only an Academician could cherish to hold the statute inapplicable because the Department of Corrections (Department) promulgated its list of serious infractions under RCW 72.01.090, rather than RCW 72.09.130. I would hold the Department's list of serious infractions, given to each prisoner by the Department, was a sufficient predicate for application of RCW 9.94.070. Moreover, I would reverse the lower court decisions which erroneously held RCW 9.94.070 was an unconstitutional delegation of legislative power.
(1) Department Rules on Infractions
The basis for the majority decision, not analyzed below by the Court of Appeals, is the failure of the Department to promulgate the list of serious infractions under RCW 72.09.130 rather than under RCW 72.01.090. The Department adopted its prison disciplinary code, WAC 137-28, under RCW 72.01.090 which states:
The department is authorized to make its own rules for the proper execution of its powers. It shall also have the power to adopt rules and regulations for the government of the public institutions placed under its control, and shall therein prescribe, in a manner consistent with the provisions of this title, the duties of the persons connected with the management of such public institutions.
This code is given to each prisoner by the Department upon intake, and these rules are available in living units and libraries at each institution. It is safe to say the prisoners are well aware of these rules. RCW 72.09.130 states:
(1) The department shall adopt, by rule, a system that clearly links an inmate's behavior and participation in available education and work programs with the receipt or denial of earned early release days and other privileges. The system shall include increases or decreases in the degree of liberty granted the inmate within the programs operated by the department, access to or withholding of privileges available within correctional institutions, and recommended increases or decreases in the number of earned early release days that an inmate can earn for good conduct and good performance.
(2) Earned early release days shall be recommended by the department as a reward for accomplishment. The system shall be fair, measurable, and understandable to offenders, staff, and the public. At least once in each twelve-month period, the department shall inform the offender in writing as to his or her conduct and performance. This written evaluation shall include reasons for awarding or not awarding recommended earned early release days for good conduct and good performance. An inmate is not eligible to receive earned early release days during any time in which he or she refuses to participate in an available education or work program into which he or she has been placed under RCW 72.09.460.
(3) The department shall provide each offender in its custody a written description of the system created under this section.
The rules of WAC 137-28 effectively conform to the mandate of RCW 72.09.130. The Legislature knew of these rules and clearly intended them to apply to persistent prison misbehavior.
It is the height of judicial flapdoodle to say the rules set forth in WAC 137-28 do not form the predicate for a violation of RCW 9.94.070 simply because the rules were adopted by the Department on the same subject under a different legislative grant of authority. We can certainly take judicial notice of the fact the Department repromulgated the same substantive disciplinary code in WAC 137-28 under the specific authority of RCW 72.09.130 in 1998. The rules promulgated under RCW 72.01.090 are effective for purposes of RCW 9.94.070.
*822 (2) Unconstitutional Delegation of Legislative Power
Although the majority did not reach the issue of unconstitutional delegation of legislative power found to be dispositive by the Court of Appeals, I would address the question and reverse the Court of Appeals. We presume statutes are constitutional; the burden is on Brown to demonstrate the statute's unconstitutionality beyond a reasonable doubt. Island County v. State, 135 Wash.2d 141, 146-47, 955 P.2d 377 (1998). The Legislature may delegate policy-making responsibilities to administrative agencies if (1) the Legislature provides standards defining what is to be done and by whom; and (2) procedural safeguards are present to control arbitrary administrative action or administrative abuse of discretionary authority. Barry & Barry, Inc. v. Department of Motor Vehicles, 81 Wash.2d 155, 159, 500 P.2d 540 (1972). All here agree RCW 9.94.070 meets the first aspect of the test. It is the second feature of the test that is at issue.
We determine the sufficiency of procedural safeguards by the three-part balancing test set forth in Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In Morris v. Blaker, 118 Wash.2d 133, 144-45, 821 P.2d 482 (1992), we adopted the Mathews formulation, noting due process is a flexible concept calling for procedural protections appropriate to a given situation. The degree of process afforded in a case, according to Morris and Mathews, depends on a balancing of these factors: (1) the private interest to be protected; (2) the risk of erroneous deprivation of the interest by the government's procedures; and (3) the government's interest in maintaining the procedures. Morris, 118 Wash.2d at 144-45, 821 P.2d 482.
With respect to the private interest at stake here, Brown, like other prisoners in correctional facilities, is not without rights, but the due process rights of prisoners are very limited. In re Personal Restraint of Gronquist, 138 Wash.2d 388, 978 P.2d 1083 (1999). The need of correctional staff to secure order and proper compliance with directives in the context of institutions full of individuals who have a history of violent behavior is pressing. Courts have expressed this concept as one of deference to the expertise of prison officials in the day-to-day operations of the correctional institutions. See, e.g., Turner v. Safley, 482 U.S. 78, 95, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Gronquist, 138 Wash.2d at 405-06, 978 P.2d 1083. There is no effective deterrent to institutional misconduct if the Department's most effective deterrent loss of good timecannot be imposed because the prisoner is such a chronic disciplinary problem. The court's meddling with this lawful goal is regrettable.
With respect to the risk of erroneous deprivation, prisoners like Brown have ample procedural protections available. Brown had advance notice of the list of serious infractions; he received a copy of them. Brown had a right of administrative review as to any of his infractions. See generally Gronquist, 138 Wash.2d at 398, 978 P.2d 1083. He had the right to judicial review by personal restraint petition, or possibly by a writ of certiorari. See, e.g., City of Auburn v. King County, 114 Wash.2d 447, 788 P.2d 534 (1990). Finally, he had the full array of protections afforded a defendant in a criminal trial.
The Court of Appeals analysis below focused on our decision in In re Personal Restraint of Powell, 92 Wash.2d 882, 602 P.2d 711 (1979) where we invalidated a legislative delegation because the Legislature conferred authority on the Board of Pharmacy to adopt rules classifying controlled substances and the Board did so by emergency without public notice or comment. The possession of a controlled substance thus described by the Board was a felony.
But in order to satisfy the Barry & Barry test as to procedural safeguards, we have held adoption of the rule in accordance with the Administrative Procedure Act (APA) is not required. In State v. Crown Zellerbach Corp., 92 Wash.2d 894, 896, 602 P.2d 1172 (1979), we upheld a delegation of power to the Department of Fisheries and Wildlife which allowed it to grant conditional permits. Violation of these permits was a crime. Crown Zellerbach, 92 Wash.2d at 899, 602 *823 P.2d 1172. We found in that case the statutory and common law procedures available to defendants in their criminal appeals, as well as the APA, gave enough safeguards against arbitrary and unauthorized agency action. But APA compliance was not mandatory for a proper delegation. Id. at 903, 602 P.2d 1172.
We have upheld the delegation of legislative power where the decision of the administrative body effectively becomes an element of a crime. Crown Zellerbach, 92 Wash.2d at 902, 602 P.2d 1172 (gross misdemeanor); State v. Holmes, 98 Wash.2d 590, 657 P.2d 770 (1983) (felony welfare fraud established by Department of Social and Health Services regulations defining eligibility for public assistance); State v. Wadsworth, 139 Wash.2d 724, 991 P.2d 80 (2000) (superior court's designation of areas in courthouse to be declared weapon-free by court order without public process to adopt the order established element of crime of unlawful possession of a weapon).
In summary, the private interest of prisoners to be protected, rightly understood, is the right to have notice and an opportunity to be heard on the prison infractions forming the basis for a prosecution under RCW 9.94.070. This interest is relatively small in comparison to the need of the Department to safely and securely operate the correctional system. The risk of erroneous deprivation of that right is small, given that all prisoners get notice of the infraction list, and there are internal appellate procedures in place in the institutional setting as well as external review procedures. Thus, under Mathews, the Barry & Barry test was met as Brown had all the process he was due.
(3) Conclusion
Aaron Brown was the poster child for legislative enactment of a persistent prison misbehavior statute. While incarcerated, Brown has been disruptive and dangerous. He threatened the lives of correctional staff and others, he committed assaults on staff, he falsely reported fires, he made bomb threats, and he destroyed property. He lost all good time by committing 175 serious infractions. The Department had few tools left to it to restrain Brown. RCW 9.94.070 is necessary and constitutional legislation. I would reverse the trial court's order of dismissal and remand this case to the Walla Walla County Superior Court for trial.
BRIDGE and IRELAND, JJ., concur.
NOTES
[1] The record indicates the DOC had been in the process of revising its general prison rules at the time the persistent prison misbehavior statute was promulgated. The DOC adopted that list for use under RCW 9.94.070 without additional procedures.
[2] The DOC "is authorized to make its own rules for the proper execution of its powers. It shall also have the power to adopt rules and regulations for the government of the public institutions placed under its control, and shall therein prescribe, in a manner consistent with the provisions of this title, the duties of the persons connected with the management of such public institutions." RCW 72.01.090.
[3] Since the time the charge was filed against Brown, the DOC has put into place new regulations. The adequacy of those regulations is not before this court.
[4] Since this case is resolved on nonconstitutional grounds, we do not reach whether the statute is an unconstitutional delegation of power to the DOC.