FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2017 FEB 21 AM 8: 45



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| IN RE PERSONAL RESTRAINT OF | ) | No. 73872-1-I |
| | ) | |
| | ) | |
| | ) | DIVISION ONE |
| | ) | |
| MATTHEW RAY DOUGLAS SCHLEY, | ) | |
| | ) | PUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | FILED: February 21, 2017 |

SPEARMAN, J. — An offender facing revocation of a sentence imposed pursuant to the drug offender sentencing alternative (DOSA) has a due process right to have an alleged violation of a condition of the sentence proved by a preponderance of the evidence. In this case, Matthew Schley's DOSA sentence was revoked when the State proved by a preponderance of the evidence that he had been terminated from the required substance abuse treatment program. But the basis for the termination from the treatment program was a determination in a prior proceeding that Schley had been involved in a fight, which was a violation of program rules. That finding was proved using the "some evidence" standard applicable to proceedings involving alleged infractions of prison rules. Though

these very same facts established the basis for Schley's DOSA revocation they were not proved by a preponderance of the evidence. We agree with Schley that the failure to do so denied him due process and grant his personal restraint petition.

## FACTS

Matthew Schley pleaded guilty to first degree theft and second degree burglary. The court imposed two concurrent DOSA sentences of 50 and 59.5 months, half to be served in prison and half in community custody. After the sentence, Schley signed a "DOSA agreement" and a chemical dependency treatment form. The DOSA agreement stated that Schley "may be 'administratively' terminated from the DOSA chemical dependency treatment program" for "[a]ny major infraction that causes a change in custody level or the violation of condition(s) outlined in the CD [chemical dependency] Treatment Participation Requirements DOC 14-039 . . . ." Br. of Appellant, App. at 23. Chemical dependency treatment form DOC 14-039 notified Schley that "[t]he following behaviors WILL result in termination from the Department's CD treatment program: 1. Any threat or act of violence toward staff or another patient." Br. of Appellant, App. at 25 (formatting omitted).

Schley entered the chemical dependency treatment program at the Olympic Corrections Center on January 22, 2015. According to anonymous reports, Schley taunted another prisoner in the treatment program by calling him "Mr. DOSA." Br. of Appellant, App. at 27. After the other prisoner responded,

2

Schley swung at him and missed. He grabbed the other prisoner's throat and arm, and the two fought. Schley received minor injuries, including cuts, scrapes, and red marks. He was charged with fighting and placed in segregation for 15 days.

At his prison infraction hearing, Schley contended that there was no fight. He supplied five witness statements corroborating that there was no fight. He explained that the marks on his body were minor injuries from exiting his bunk. Under the "some evidence" burden of proof, Schley was found guilty of fighting based on confidential witness reports and physical marks on his body. The disciplinary findings were affirmed on appeal.

On February 10, 2015, Schley was administratively terminated from the chemical dependency treatment program due to the fighting infraction. The Department of Corrections (Department) then sought to revoke Schley's DOSA because he had been terminated from chemical dependency treatment.

At his DOSA revocation hearing, Schley again argued that no fight had occurred. He also argued that to revoke his DOSA, the fighting offense must be reevaluated under a preponderance of the evidence standard. The hearing officer did not reevaluate the evidence of fighting. Schley's DOSA was revoked because he had been terminated from the chemical dependency treatment program. As a result, Schley had to serve the remainder of his sentence in

3

custody.[1] The DOSA revocation was affirmed by an appeals panel and the risk management director.

Schley filed a personal restraint petition to reinstate his DOSA sentence. This court appointed counsel to submit additional briefing.

## DISCUSSION

### Burden of Proof

Schley argues that the Department violated his due process rights by using facts proved by "some evidence" at his fighting infraction hearing to establish a DOSA violation by a preponderance of the evidence.

To obtain relief in a personal restraint petition, a petitioner must prove that he is being restrained and that the restraint is unlawful. RAP 16.4(a). A petitioner's restraint is unlawful if his sentence violates the United States or Washington Constitution. RAP 16.4(c)(2).

The legislature enacted the drug offender sentencing alternative to provide a treatment-oriented alternative to the standard sentence. State v. Kane, 101 Wn. App. 607, 609, 5 P.3d 741 (2000). Under the DOSA program, an offender serves less time in prison and more time in community custody while undergoing substance abuse treatment. RCW 9.94A.660(5)(a), (b); State v. Grayson, 154 Wn.2d 333, 337-38, 111 P.3d 1183 (2005). DOSA is conditioned on successful

---

[1] Schley's judgment and sentence states that "[i]f the defendant fails to complete the Department's special drug offender sentencing alternative program or is administratively terminated from the program, he/she shall be reclassified by the Department to serve the balance of the unexpired term of sentence." Br. of Appellant, App. at 4.

participation in chemical dependency treatment. An offender who fails to complete or is administratively terminated from the program must serve the unexpired term of his or her sentence in custody. RCW 9.94A.662(3). The Department may revoke a DOSA for administrative termination from a substance abuse treatment program. WAC 137-25-030. An offender will be terminated from substance abuse treatment if he or she is found guilty of a fighting infraction under WAC 137-25-030 505. In an infraction hearing, the Department reviews allegations under a "some evidence" burden of proof. In re Pers. Restraint of Grantham, 168 Wn.2d 204, 216, 227 P.3d 285 (2010). But a DOSA revocation must be proved by a preponderance of the evidence. In re Pers. Restraint of McKay, 127 Wn. App. 165, 170, 110 P.3d 856 (2005).

In McKay, the offender was in a chemical dependency treatment program while serving the prison-based portion of her DOSA sentence. She was charged with two infractions. In a single hearing, the hearing examiner applied a "some evidence" standard of proof, found McKay guilty of both infractions, and revoked her DOSA. Id. at 167-68. This court found that "the serious nature of a proceeding resulting in revocation of a DOSA sentence requires a preponderance of the evidence standard of proof." Id. at 168.

Here, the Department bifurcated Schley's hearings process, considering the infraction at one hearing and the DOSA revocation at a later hearing. But the inevitable result of a finding of guilt at Schley's infraction hearing was revocation of his DOSA. First, Schley was found guilty of a fighting infraction based on a

5

"some evidence" burden of proof. The inescapable result of that finding was Schley's termination from his chemical dependency treatment program. Termination from the chemical dependency treatment program led to a DOSA revocation hearing at which revocation of Schley's DOSA sentence was the only possible outcome. The hearing officer described the issue at the hearing: "What was proven to me is that the program terminated you, and you being terminated, that qualifies for a DOSA revocation." Verbatim Report of Proceedings at 37. Thus, Schley's DOSA was revoked.

The DOSA revocation hearing did not resolve any genuine issue of fact by a preponderance of the evidence. The DOSA hearing officer limited her finding to whether chemical dependency treatment was terminated. The essential fact for DOSA revocation was resolved at the infraction hearing for fighting. Schley's DOSA was functionally revoked once he was found guilty of fighting by "some evidence" at the infraction hearing.

Citing In re Personal Restraint of Gronquist, 138 Wn.2d 388, 978 P.2d 1083 (1999), the Department argues that Schley's fighting infraction cannot be reevaluated with a heightened burden of proof in his DOSA revocation hearing. In Gronquist, an offender was found guilty of four "minor" infractions and was subsequently charged with the "serious" infraction of collecting four minor infractions. Id. at 390-91. The court held that Gronquist could not challenge prior minor infractions in the serious infraction hearing. Id. at 403. But Gronquist is not

controlling because, here, Schley's liberty interest is significantly greater and, thus, so too are the due process rights that attach to the proceeding.

We determine what process is due in a particular situation by examining (1) the individual's liberty interest, (2) the value of the proposed procedural safeguard to protect against erroneous deprivation of that interest, and (3) the State's interest, including administrative and financial burdens of the proposed procedure. In re Pers. Restraint of Bush, 164 Wn.2d 697, 705, 193 P.3d 103 (2008) (citing Mathews v. Eldridge, 424 U.S. 319, 334-35, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). In Gronquist, the liberty interest at stake in the hearing for the serious infraction was 10 days' loss of good time and 5 days' segregation. A prisoner has a liberty interest in earning good time credits such that minimum due process rights attach. Gronquist, 138 Wn.2d at 397. Minimum due process requires that the Department review allegations under a "some evidence" burden of proof. Grantham, 168 Wn.2d at 216.

By contrast, at stake at Schley's DOSA revocation hearing was the loss of over two and one half years in the community. In addition, while Gronquist enjoyed the possibility of earning back some or all of his lost good time credits, the deprivation for Schley was irrevocable. Thus, Schley enjoys greater due process protections, including a hearing structured to assure that the fighting finding is based on verified facts and accurate knowledge. McKay, 127 Wn. App. at 168-69 (citing Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) and quoting In re Pers. Restraint of McNeal, 99 Wn. App. 617, 628,

994 P.2d 890 (2000)). We conclude that due to the different liberty interests at stake, revocation of Schley's DOSA sentence is subject to greater due process protections than the prisoner was entitled to in Gronquist.

An additional concern in Gronquist was the substantial administrative burden and practical ability to rehear four general infractions occurring over a six-month period for each of the many serious infraction hearings conducted by the Department. Those concerns are not present in this case. Here, the Department was well aware that once Schley was charged with the single incident of fighting, the inexorable result, if he was found to have committed the infraction, would be termination from the treatment program and revocation of his DOSA sentence. Given the inevitability of this process, there is minimal additional burden on the Department to apply the appropriate burden of proof at the initial infraction hearing.

We conclude that the Department violated Schley's due process rights by using facts proved by "some evidence" at his infraction hearing to establish his DOSA revocation by a preponderance of the evidence. While bifurcating the infraction and DOSA revocation hearings appears to comply with our holding in McKay, in fact it turns the DOSA revocation proceeding into a mere formality. At that hearing, the Department bore the burden of proving by a preponderance of the evidence a fact that was utterly indisputable: that Schley had been terminated from treatment. It is a pretense to suggest that such a hearing provides the due process protections that attach to the liberty interest at risk in a DOSA revocation

8

proceeding. We hold that under McKay, proof of a fact that necessarily results in revocation of a DOSA sentence must be by a preponderance of the evidence.

Right to Counsel

Schley contends that the Department violated his due process rights by failing to inform him, prior to the DOSA revocation hearing, that he could request the appointment of counsel, and that the Department had a duty to determine on a case-by-case basis whether the request should be granted. He argues that had he been so informed, he would have requested counsel and that the request should have been granted. In support of this argument, Schley relies on Grisby v. Herzog, 190 Wn. App. 786, 362 P.3d 763 (2015). In that case, we held that under the due process clause of the United States Constitution, the Department has "a clear duty to consider the right to counsel on a case-by-case basis in community custody violation hearings ...."[2] Id. at 811; U.S. CONST. amends. V, XIV, § 1.

The Department does not appear to dispute Schley's argument that under Grisby, he had a right to be informed that he could request legal representation at the hearing. The Department's primary argument appears to be that "because Schley never requested counsel for the hearing, the Department was not required to determine whether counsel should be appointed for Schley in the hearing." Br. of Resp't at 14. We reject this argument because, as Schley points

---

[2] We note that at the time of his alleged violation, Grisby was serving the out of custody portion of his DOSA sentence. However, neither party addresses whether this is a material distinction from the circumstances here, where, at the time of his alleged violation, Schley was still serving the in-custody portion of his sentence. Accordingly, we assume, for purposes of this case, that the distinction is immaterial.

out, we will not presume waiver of a constitutional right where the State cannot show it was made knowingly, intelligently, and voluntarily. See e.g., Miranda v. Arizona, 384 U.S. 436, 470-71, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Here, the evidence is virtually indisputable that Schley was advised before the hearing that he did not have the right to request counsel. The Department has not shown that Schley knowingly waived that right.[3]

The Department also argues that even if the notice was deficient, any error was harmless because if Schley had requested counsel, the request would have properly been denied. The Department contends that because the only issue at Schley's revocation hearing was whether he had been terminated from the treatment program, the issue was not sufficiently complex to warrant the appointment of counsel.

The Department is correct that as conducted below, the only issue was whether Schley had been terminated from the treatment program. As we have

---

[3]The Department's claim that the notice it gave to Schley was sufficient to apprise him of the right to request counsel is meritless. The only notice Schley received on that issue was as follows:

You have the following rights:

. . . .

♦ To present your case to the Hearing Officer. . . . However, no other person may represent you in presenting your case. There is no statutory right to an attorney or counsel and without prior written approval from the Hearings Program Administrator, no attorney will be permitted to represent you.

Br. of Appellant, App. at 31-32. The thrust of the notice, under any reasonable reading, is that in a DOSA revocation hearing, neither an attorney nor any other persons are permitted to provide assistance to an inmate. We reject the Department's argument that the notice may be read to imply otherwise.

discussed, the evidence supporting that allegation was irrefutable and the presence of a lawyer, no matter how skillful, would have made no difference. But Schley is entitled to a new revocation hearing at which the factual issues underlying the fighting allegation will be determined under the proper standard of proof. Those issues are more complex than the limited issue of whether Schley was terminated from treatment.[4]

Finally, we note that at oral argument, counsel for the Department conceded that if this case was remanded for a new hearing, it would advise Schley that he had a right to request counsel. In light of that concession, we assume that the Department will do so. Then, if counsel is requested, the Department must decide, in the first instance, whether an appointment is warranted based on the issues presented at the new hearing. We need not and do not decide that issue here.

Scope of the Department's Authority

Schley argues that the Department exceeded its authority by imposing three sanctions for a single incident of fighting. He contends that WAC 137-28-350 authorizes the Department to impose only one sanction for multiple violations arising out of a single incident. Schley counts three sanctions for fighting: 15 days' segregation, termination from chemical dependency treatment,

---

[4] To the extent the Department relies on In re Personal Restraint of Price, 157 Wn. App. 889, 240 P.3d 188 (2010), to suggest that an allegation of fighting is insufficiently complex to warrant appointment of counsel, we note that the nature of the allegation is not the determinative factor. The particular facts of each case must be taken into account.

and DOSA revocation that caused additional incarceration. While precipitated by fighting, each sanction arose out of a distinct incident: fighting, change in custody status, and termination from chemical dependency treatment. We find that the Department acted within its authority under WAC 137-28-350(2) because Schley's sanctions arose from distinct incidents.

Schley further argues that the Department's authority to revoke a DOSA under RCW 9.94A.662(3) does not give it the discretion to revoke a DOSA for conduct that is unrelated to chemical dependency. The Department must exercise delegated authority under the restraints of the statutes delegating the authority. State v. Brown, 142 Wn.2d 57, 62, 11 P.3d 818 (2000). The Department may revoke a DOSA if an offender "fails to complete the program or is administratively terminated from the program . . . ." RCW 9.94A.662(3). The grounds for administrative termination are not defined, but the Department has a broad grant of authority to administer its prisons. This includes a system that rewards good behavior with "increases or decreases in the degree of liberty granted the inmate within the programs operated by the department . . . ." RCW 72.09.130(1). The Department has authority to manage participation in chemical dependency treatment with rules about prisoner behavior. This authority is encompassed by the legislature's grant of authority for the Department to "administratively terminate[ ]" a prisoner from DOSA. We conclude that the Department did not exceed its statutory authority to administratively terminate Schley from chemical dependency treatment and thereby revoke his DOSA.

12

We grant Schley's personal restraint petition. On remand, Schley is entitled to a new DOSA violation hearing at which the Department shall apply a preponderance of the evidence standard to the fighting allegation.

Remanded.

WE CONCUR:

Spearman, J.

Leach, J.

Cox, J.