[No. 10929-4-I.   Division One.   June 20, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. BHRETT KRISTIN LALONDE, *Appellant.*

*Elizabeth Selleck* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Timothy X. Sullivan, Deputy,* for respondent.

SCHOLFIELD, J.—Bhrett Kristin Lalonde, a juvenile, appeals his conviction for obstructing a public servant in violation of RCW 9A.76.020(3),[1] alleging the statute is void because unconstitutionally vague and overbroad, and, alternatively, that the evidence was insufficient to support the trial court's findings that he had the specific intent to "knowingly" hinder, delay, or obstruct a public servant. We affirm.

At approximately 1:30 a.m. on May 31, 1981, Seattle police officer Larry Schrenk responded to a complaint

---

[1]RCW 9A.76.020(3) provides:
"Every person who, . . . (3) shall knowingly hinder, delay, or obstruct any public servant in the discharge of his official powers or duties; shall be guilty of a misdemeanor."

about a loud party. Upon arriving at the residence, the officer observed several people on the front doorstep of the home who, upon his arrival, went inside the house. Daniel Ross, a juvenile, was standing outside the house holding a yellow cup, which he placed inside a car in the driveway. Officer Schrenk approached Ross and placed him under arrest for minor in possession of alcohol.

Officer Thomas Leppich, who had also responded to the call, attempted to place Ross in his police vehicle. Ross resisted, and Leppich and Ross began to wrestle. Several people came out of the house and surrounded Officer Schrenk in a semicircle, yelling and protesting the arrest of Ross. Officer Schrenk testified that a girl pushed him, and one of the males grabbed him in the vest area. Officer Schrenk responded by striking out with his nightstick. Officer Schrenk testified that he advised everyone present to back off and go home. Although he pushed the group away with his nightstick, several people continued to approach the officers, screaming obscenities and protesting the arrests. Officer Schrenk could not recall striking Lalonde with his nightstick, but Lalonde testified he was struck once in the mouth and once across the back by Officer Schrenk. Officer Leppich had placed Daniel Ross in the other patrol car, and Ross proceeded to kick out the window of that vehicle.

During this same period of time, Officer Schrenk was attempting to place Randy Hurt under arrest and into his patrol car. Lalonde testified that upon seeing Randy Hurt being struck by Officer Schrenk, he approached Officer Leppich to try to talk to him and calm things down. Although Lalonde acknowledged that he was told several times to get back, and was physically forced back when he approached the officers, he continued to reapproach and persisted in his attempt to "keep things calm." After placing Randy Hurt in the patrol car, Officer Schrenk arrested Lalonde for obstructing a public servant under RCW 9A.76.020(3).

We first address Lalonde's contention that RCW 9A.76-

.020(3) is unconstitutionally vague and overbroad. A statute can be unconstitutionally vague on its face, or as applied in specific fact situations. *Bellevue v. Miller,* 85 Wn.2d 539, 536 P.2d 603 (1975).

When a statute is challenged as unconstitutional on its face, the court must determine whether any conviction under the statute could be constitutionally upheld. If no conviction could be upheld, the statute is unconstitutional on its face. *Bellevue v. Miller, supra.* The conduct of a defendant is examined when a statute is challenged as unconstitutional only in part or the court finds the statute to be potentially vague as to some conduct although not unconstitutionally vague on its face. *State v. Hood,* 24 Wn. App. 155, 600 P.2d 636 (1979).

The State Supreme Court recently considered a challenge to the statute prohibiting promoting prostitution on the ground it was unconstitutionally vague, and therefore void on its face. The court stated:

> The test for vagueness under these circumstances is well described in *Bellevue v. Miller,* [85 Wn.2d 539, 536 P.2d 603 (1975)], where we held that, although a statute may be "potentially vague as to some conduct, [it] may nevertheless be constitutionally applied to one whose act clearly falls within the statute's 'hard core.'"

*State v. Zuanich,* 92 Wn.2d 61, 63, 593 P.2d 1314 (1979).

The initial question in this case is whether there is a "hard core" of conduct described by the statutory language which saves it from the infirmity of vagueness. We hold there is and that the facts of this case fall within that classification. *See State v. Brown,* 30 Wn. App. 344, 633 P.2d 1351 (1981). The statute is not unconstitutionally vague on its face.

In order to comply with due process under the Washington State and United States Constitutions, penal statutes must be specific. The reasons for the specificity requirement are that citizens must have fair notice of what is proscribed, *Lanzetta v. New Jersey,* 306 U.S. 451, 453, 83 L. Ed. 888, 59 S. Ct. 618 (1939), and legislation must contain

ascertainable standards for adjudication so that police, judges, and juries are not free to decide what is prohibited and what is not, depending on the facts in each particular case. *Papachristou v. Jacksonville,* 405 U.S. 156, 168–71, 31 L. Ed. 2d 110, 92 S. Ct. 839 (1972); *Seattle v. Rice,* 93 Wn.2d 728, 612 P.2d 792 (1980). To meet the fair notice requirement, a statute or ordinance must be sufficiently specific that men and women of reasonable understanding are not required to guess at its meaning. *Seattle v. Drew,* 70 Wn.2d 405, 408, 423 P.2d 522, 25 A.L.R.3d 827 (1967).

In *State v. White,* 97 Wn.2d 92, 640 P.2d 1061 (1982), the Washington Supreme Court ruled that the first two sections of RCW 9A.76.020 were unconstitutionally vague. The court held that the term "public servant", as used in those sections of the statute, was too broadly defined and encompassed nearly any person who is employed by the government. *State v. White, supra* at 100. Lalonde contends it follows that the term "public servant" as used in RCW 9A.76.020(3) is also unconstitutionally overbroad. We do not agree. The term "public servant" as used in RCW 9A.76.020(3) is not overbroad as applied in this case to uniformed police officers.

Public servant is defined in RCW 9A.04.110(22):

> "Public servant" means any person other than a witness who presently occupies the position of or has been elected, appointed, or designated to become any officer or employee of government, including a legislator, judge, judicial officer, juror, and any person participating as an advisor, consultant, or otherwise in performing a governmental function[.]

Penal statutes, although strictly construed, should not be construed to override common sense and evident statutory purpose. *State v. Grisby,* 97 Wn.2d 493, 501, 647 P.2d 6 (1982).

The term "public officer" has been construed to include a peace officer. *Mountlake Terrace v. Stone,* 6 Wn. App. 161, 165, 492 P.2d 226 (1971). RCW 9A.04.110(22) is sufficiently specific to inform a reasonable person that a uniformed

police officer is a person designated as an officer of government and is therefore a public servant. Officers Schrenk and Leppich were uniformed police officers driving marked police vehicles.

Lalonde also asserts the phrase "in the discharge of his official powers or duties" is unconstitutionally vague because it is not sufficiently specific to inform persons of reasonable understanding of what conduct is proscribed. We do not agree.

Simply because a statute could have been worded more precisely does not render it unconstitutional. *United States v. Powell*, 423 U.S. 87, 46 L. Ed. 2d 228, 96 S. Ct. 316 (1975). Unless a First Amendment freedom is involved, the statute must be examined in light of the facts in the case at issue, *United States v. Powell, supra,* keeping in mind the presumption that a statute is constitutional. *See, e.g., Bellevue v. State,* 92 Wn.2d 717, 600 P.2d 1268 (1979).

The fact that the application of a statute may be uncertain in exceptional cases does not render it unconstitutionally vague so long as the general area of conduct against which it is directed is made plain. *Seattle v. Buchanan,* 90 Wn.2d 584, 594, 584 P.2d 918 (1978).

The statute which preceded the statute at issue here, RCW 9.69.060, was upheld in a similar constitutional challenge in *State v. Grant,* 89 Wn.2d 678, 575 P.2d 210 (1978). RCW 9.69.060 stated:

> *Every* person who, . . . shall *wilfully* hinder, delay or obstruct any public *officer* in the discharge of his official powers or duties, shall be guilty of a misdemeanor.

(Italics ours.) RCW 9A.76.020(3) states:

> *Every* person who, . . . (3) shall *knowingly* hinder, delay, or obstruct any public *servant* in the discharge of his official powers or duties; shall be guilty of a misdemeanor.

(Italics ours.) The Supreme Court concluded that the portion of RCW 9.69.060 quoted above was constitutionally adequate. *State v. Grant, supra* at 685. In construing the statute, the Supreme Court distinguished federal cases

because they were based on ordinances regulating First Amendment rights of speech and assembly, while RCW 9.69.060 focused on conduct other than speech.

RCW 9A.76.020(3) is sufficiently specific to inform a person of ordinary intelligence that it is a misdemeanor to knowingly engage in conduct which hinders, delays, or obstructs a uniformed police officer when that officer is attempting to effect an arrest. The impact of the statute could be understood by an average person. *State v. Grisby, supra.* RCW 9A.76.020(3) is not unconstitutionally vague as applied in this case.

To convict Lalonde of this crime, the State was required to present sufficient evidence from which a rational trier of fact could find each element of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). Lalonde contends the State failed to prove an essential element of the crime charged: that he "knowingly" hindered, delayed, or obstructed Officer Schrenk in the discharge of his official duties as a police officer.

In this case, the trial judge ruled:

Respondent in this matter was aware of the fact that the officer was having trouble effecting the arrest; that other people were yelling and cursing and placing themselves in close proximity of the officers. This puts him on notice that in the court's opinion, that any close proximity or even conversation with the officer at this time added to the confusion and would delay or hinder the officer from carrying out the duty he was involved in.

To presume a fact, that fact must flow beyond a reasonable doubt from the facts actually proven. *State v. Bishop,* 90 Wn.2d 185, 188, 580 P.2d 259 (1978); *State v. Roberts,* 88 Wn.2d 337, 343, 562 P.2d 1259 (1977). Lalonde asserts the trial judge incorrectly used a "reasonable person" standard to rule that anyone who views a situation in which a police officer is having difficulty effecting an arrest and then attempts conversation with the officer or places him-

self in close proximity to the officer would "know" that his actions would delay or hinder the officer in carrying out his duty. Lalonde asserts the trial judge erred in failing to make a specific finding that he had the subjective guilty knowledge required by the statute. *State v. Shipp,* 93 Wn.2d 510, 515, 610 P.2d 1322 (1980).

Lalonde contends the only evidence adduced in this case regarding his knowledge was his own testimony which shows his purpose in attempting to converse with Officer Leppich was to keep things calm. Lalonde stated he was not attempting to hinder the arrest of other people. He contends the State failed to carry its burden of proof because it does not flow beyond a reasonable doubt from the facts proved that he had knowledge that his actions would hinder, delay, or obstruct Officer Schrenk in the execution of his duties. *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970).

The evidence must be interpreted in the light most favorable to the State. *State v. Young,* 89 Wn.2d 613, 574 P.2d 1171, *cert. denied,* 439 U.S. 870 (1978). Lalonde had knowledge that a uniformed police officer was attempting to arrest another. The trial judge found his conduct in reapproaching and conversing with the officer in this situation hindered, delayed, and obstructed the officer and interfered with the officer's discharge of his duties. Lalonde's offense did not arise from his speech, but from the acts which accompanied his words. *See generally State v. Montgomery,* 31 Wn. App. 745, 644 P.2d 747 (1982).

The evidence upon which the trial judge based the inference of knowledge in this case was substantial. *See State v. Garcia,* 20 Wn. App. 401, 579 P.2d 1034 (1978). The scene was noisy and confused. The crowd was angry. Lalonde tacitly admitted he was attempting to get the officers to stop what they were doing, at least long enough to allow him to "keep things calm." The officers declined his offers of help by telling him to get back. He refused and was forced back.

From this evidence, the trial judge found Lalonde

"knowingly" hindered the officers. The statement of his findings on the record demonstrates a finding of actual knowledge pursuant to RCW 9A.08.010(1)(b).[2] The evidence supports the finding, and the requirements of JuCR 7.11 are met.

The judgment is affirmed.

SWANSON and RINGOLD, JJ., concur.

Reconsideration denied July 28, 1983.

Review denied by Supreme Court October 7, 1983.

---

[2]RCW 9A.08.010(1)(b) states:

"*Knowledge.* A person knows or acts knowingly or with knowledge when:

"(i) he is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or

"(ii) he has information which would lead a reasonable man in the same situation to believe that facts exist which facts are described by a statute defining an offense."