[No. 16806-5-II.    Division Two.    June 9, 1994.]

DALE WASHAM, ET AL, *Appellants,* v. BRIAN SONNTAG, ET AL, *Respondents.*

*Dale Washam* and *Ronald J. Lopp,* pro se.

*John W. Ladenburg, Prosecuting Attorney,* and *Roger J. Miener, Deputy,* for respondents.

HOUGHTON, J. — Dale Washam and Ron Lopp appeal from a dismissal of their action for declaratory judgment and writ of mandamus. We affirm.

## FACTS

In 1991, the Pierce County Council adopted ordinance 91-74S imposing a license fee of $15 on vehicles registered in the county. The ordinance was enacted pursuant to RCW 82.80.020 which states, in pertinent part, that:

> The legislative authority of a county may fix and impose an additional fee, not to exceed fifteen dollars per vehicle, for each vehicle that is subject to license fees under RCW 46.16.060 and is determined by the department of licensing to be registered within the boundaries of the county.

RCW 82.80.020 does not contain any referendum provisions. RCW 82.80.090, however, provides that:

> A referendum petition to repeal a county . . . ordinance imposing a tax or fee authorized under RCW 82.80.020 . . . must be filed with a filing officer, as identified in the ordinance, within seven days of passage of the ordinance. . . . the filing officer shall confer with the petitioner concerning form and style of the petition, issue an identification number for the petition, and write a ballot title for the measure. . . . The petitioner shall be notified of the identification number and ballot title . . ..
>
> After . . . notification, the petitioner has thirty days in which to secure . . . the signatures of not less than fifteen percent of the registered voters of the county for county measures . . .. If sufficient valid signatures are properly submitted, the filing officer shall submit the referendum measure to the county . . . voters . . ..
>
> The referendum procedure provided in this section is the exclusive method for subjecting any county . . . ordinance

imposing a tax or fee under RCW 82.80.020 . . . to a referendum vote.

Ordinance 91-74S, codified in chapter 4.34 of the Pierce County Code, provides that "[n]otwithstanding the provisions of Section 5.70 of the Pierce County Charter, the referendum procedures imposed by RCW 82.80.090 shall apply to any referendum petition filed to repeal the vehicle license fee imposed by this Chapter." Pierce County Code 4.34.040. The ordinance also named the Pierce County Auditor as the filing officer for referendum petitions.

Ronald Lopp filed a referendum petition to repeal the ordinance with the then auditor of Pierce County, Brian Sonntag. Thereafter, Sonntag sent Lopp notice of the referendum number (92-1) and ballot title. Sonntag also advised Lopp that Pierce County had 229,642 registered voters, and that pursuant to RCW 82.80.090, Lopp must collect 34,447 signatures (*i.e.*, 15 percent of 229,642) within 30 days to get the referendum on the ballot.

Lopp and Dale Washam (hereafter, Lopp) filed suit in Pierce County seeking (1) a writ of mandamus directing Sonntag to rescind his requirement that 34,447 signatures be gathered within 30 days, and (2) a declaratory judgment that section 2 of the ordinance, which adopted the referendum requirements of RCW 82.80.090, was unconstitutional because:

> it directs the Auditor to order . . . relators to comply with a signature collection limit of time so short and a signature quantity requirement which is so large so "as to practically destroy the [referendum] right" of the relators guaranteed by both Amendment No. 72, of the Washington State Constitution, and by Section 5.70 of the Pierce County Charter . . ..

Sonntag moved to dismiss the action. His motion was granted. Lopp moved for reconsideration. In denying Lopp's motion, the trial court stated:

> As you point out . . . the referendum requirements are onerous and very difficult to comply with. If I thought . . . there was any right to a referendum on this particular issue, either under the state constitution or under the county charter, then I would . . . have agreed with you . . .. However, my ruling made

it clear that I don't believe . . . there is any constitutional right to a referendum on this issue. The only right to referendum is granted by the grace of the state legislature that created the program, and, consequently, it was their political decision with regard to the requirements of that referendum procedure, which, I agree, are very, very difficult to comply with. I'll deny the motion for reconsideration.

## ANALYSIS

■ On appeal, Lopp asserts that the trial court erred as a matter of law in dismissing his application for a writ of mandamus and his claim for declaratory judgment, contending that (1) the referendum provisions of ordinance 91-74S violate section 5.70 of the Pierce County Charter (Charter); and (2) RCW 82.80.090, the statute from which the ordinance referendum requirements were drawn, unconstitutionally restricts citizens' referendum rights guaranteed by the state constitution. Questions of law are reviewed de novo by the appellate court. *See, e.g., ITT Rayonier, Inc. v. Dalman*, 67 Wn. App. 504, 507, 837 P.2d 647 (1992), *aff'd*, 122 Wn.2d 801, 863 P.2d 64 (1993).

A writ of mandamus cannot issue where the act to be performed is a discretionary act. *See, e.g., Department of Ecology v. State Fin. Comm.*, 116 Wn.2d 246, 251, 804 P.2d 1241 (1991). The writ is appropriate where a state officer fails to perform "an act which the law especially enjoins as a duty resulting from an office . . .". RCW 7.16.160.

## A

### Validity of Ordinance 91-74S

Lopp contends that ordinance 91-74S is void because (1) its referendum requirements are more restrictive than those set forth in section 5.70 of the Charter, and (2) the County is precluded from enacting referendum requirements that are more restrictive than those in the Charter. To resolve this issue, we must determine the scope of the County's authority, because it is undisputed that the referendum provisions in ordinance 91-74S are more restrictive than those contained in the Charter.

■ Pursuant to article 11, section 4 of the state constitution, "[a]ny county may frame a 'Home Rule' charter for its own government subject to the Constitution and laws of this state . . .". The state constitution, however, expressly relegates home rule charters to an inferior position vis-a-vis the constitution and laws of this state. *See, e.g., Snohomish Cy. v. Anderson*, 123 Wn.2d 151, 158, 868 P.2d 116 (1994). Stated differently, county home rule was intended to further county self-governance in purely local affairs so long as those exercising rights to self-governance abided by the constitution and did not run counter to considerations of public policy of broad concern, expressed in general laws. *See, e.g., Anderson*, 123 Wn.2d at 158-59. Pierce County adopted such a charter.

Under article 1, section 1.10 of the Charter, Pierce County claims all powers that a county may have under the constitution and laws of the United States and Washington. The Charter also provides that the county council is the policy determining body of the county, and that the council has all the powers of the county which are not otherwise reserved. *See* Pierce County Charter art. 2, § 2.10. The power of referendum, however, is expressly reserved by the people. Pierce County Charter art. 5, § 5.60. The referendum provisions in the Charter provide that:

> (1) Any legal voter . . . of Pierce County may file a referendum proposal against any enacted ordinance, or portion thereof, with the filing officer . . ..
>
> (2) . . . the filing officer shall confer with the petitioner to review the proposal as to form and style. The filing officer shall give the . . . proposal a number . . .. The filing officer shall then transmit a copy of the proposal to the Prosecuting Attorney, who . . . shall formulate . . . the ballot title.
>
> (3) The petitioner then has one hundred twenty (120) days to collect the signatures of registered voters of the county equal in number to not less than eight percent (8%) of the number of votes cast in the County in the last Executive election. . . . The filing officer shall verify the sufficiency of the signatures on the petition, and if it is validated, submit the measure to the people at the next general election that is not less than one hundred twenty (120) days after the registering of the petition.

Pierce County Charter art. 5, § 5.70.

At issue is whether the county council exceeded its authority by adopting ordinance 91-74S where (1) adoption of such an ordinance was statutorily authorized but not statutorily required, and (2) the statutory framework includes referendum requirements which are more restrictive than those contained in the Charter and mandates that the statutory referendum procedure is the exclusive method for subjecting ordinances passed under the statute to a referendum vote. We believe it did not.

■ Home rule charter provisions are subordinate to state law. *See Anderson,* 123 Wn.2d at 158. Hence, because the adoption of the challenged ordinance was authorized by RCW 82.80.020, we conclude ordinance 91-74S was properly adopted notwithstanding the provisions of the Pierce County Charter.

Having determined that the ordinance was properly adopted, at issue is which referendum provisions apply. Sonntag argues that, under the doctrine of legislative supremacy, the referendum requirements of RCW 82.80.090 preempt those contained in the Charter. We agree. Where there is a conflict between a general law enacted by the Legislature and a charter provision, the law is superior to and supersedes the charter provision. *See, e.g., Citizens for Financially Responsible Gov't v. Spokane,* 99 Wn.2d 339, 343, 662 P.2d 845 (1983); *State ex rel. Guthrie v. Richland,* 80 Wn.2d 382, 384, 494 P.2d 990 (1972).

Here, RCW 82.80.090 specifically states that its referendum requirements are the exclusive method for subjecting ordinances passed pursuant to RCW 82.80.020 to a referendum vote. Thus, to the extent the referendum provisions of the Charter conflict with those in RCW 82.80.090, the statutory provisions prevail.

## B

### Referendum Provisions of RCW 82.80.090

■ Lopp contends that even if RCW 82.80.090 preempts the referendum provisions in the Charter, the referendum provisions in the ordinance are nonetheless invalid because

the statute upon which they are based, RCW 82.80.090, is unconstitutional. A statute is presumed constitutional. *See State Fin. Comm.*, 116 Wn.2d at 253. The challenging party has the burden of establishing beyond a reasonable doubt that a statute is unconstitutional. *See State Fin. Comm.*, 116 Wn.2d at 253.

Lopp asserts that the referendum provisions of RCW 82.80.090 are unconstitutional because they limit the referendum rights reserved by the people in Const. art. 1, § 34 (amend. 8), Const. art. 2, § 1(b) (amend. 72). Lopp's reliance on Const. art. 1, § 34 (amend. 8) is misplaced. That provision applies to the recall of elected officials, not challenges to county ordinances. *See, e.g., McCormick v. Okanogan Cy.*, 90 Wn.2d 71, 74-75, 578 P.2d 1303 (1978).

■ The Legislature possesses all general legislative power not specifically, or by fair inference, precluded by the constitution. *See, e.g., Fain v. Chapman*, 89 Wn.2d 48, 53, 569 P.2d 1135 (1977). Our inquiry is to determine whether the referendum requirements of RCW 82.80.090 are an impermissible interference with the referendum rights reserved to citizens under article 2, section 1(b) (amendment 72) to the state constitution.

■■ The referendum provisions in the constitution are to be liberally construed to facilitate citizens' referendum rights. *See, e.g., Sudduth v. Chapman*, 88 Wn.2d 247, 251, 558 P.2d 806, 559 P.2d 1351 (1977). Pursuant to article 2, section 1(b) (amendment 72) of the state constitution, referendum power is expressly reserved to the people. That power:

> may be ordered on any act, bill, law, or any part thereof *passed by the legislature,* except such laws as may be necessary for the immediate preservation of the public . . . safety, support of the state government . . . The number of valid signatures of registered voters required on a petition for referendum of an act of the legislature or any part thereof, shall be equal to or exceeding four percent of the votes cast for the office of governor at the last gubernatorial election preceding the filing of the text of the referendum measure with the secretary of state.

(Italics ours.) Const. art. 2, § 1(b) (amend. 72).

The language of article 2, section 1(b) states that referendum power is reserved to the people only with respect to actions taken by the Legislature. *See also O'Day v. King Cy.,* 109 Wn.2d 796, 815, 749 P.2d 142 (1988); *Citizens,* 99 Wn.2d at 349; *see generally Yelle v. Kramer,* 83 Wn.2d 464, 474, 520 P.2d 927 (1974) (meaning of word "legislature" in federal constitutional provision). RCW 82.80.090 therefore does not violate article 2, section 1(b) because it does not impose any restrictions on the citizens' referendum rights regarding actions taken by the Legislature.

Affirmed.

SEINFELD, A.C.J., and ALEXANDER, J., concur.