46 P.3d 280 (2002)
111 Wash.App. 738
STATE of Washington, Respondent,
v.
Mojolene A. WARE, Appellant.
No. 20400-6-III.
Court of Appeals of Washington, Division 3, Panel Two.
May 14, 2002.
*281 Philip E. Nino, Spokane, for Appellant.
Kevin M. Korsmo, Andrew J. Metts, III, Deputy Prosecuting Attorneys, Spokane, for Respondent.
BROWN, C.J.
The juvenile court adjudicated Mojolene Ware guilty of obstructing a law enforcement officer and resisting arrest. On appeal, Ms. Ware contends there was insufficient evidence to support the adjudication on either count. We affirm.

FACTS
The following facts are derived from the juvenile court's unchallenged findings. Spokane Police Officers Tyler Cordis and Mark Ferguson responded while on official duty to a disturbance report at an address in Spokane County. Both officers wore uniforms and arrived in marked patrol cars.
Upon arrival they met Jessica Staggs and Ms. Ware. The officers told Ms. Staggs and Ms. Ware to leave the premises. Ms. Staggs refused to leave and the officers found it necessary to arrest her due to her threats to assault another individual. Ms. Staggs was uncooperative when arrested.
As the two officers worked together to effectuate the arrest of Ms. Staggs, Ms. Ware charged at them and demanded they release Ms. Staggs. Officer Ferguson ordered Ms. Ware to retreat. Ms. Ware retreated, but approached the officers again within a distance of approximately five feet. Officer Ferguson again ordered Ms. Ware to retreat. Ms. Ware complied initially, but approached the officers again. Officer Ferguson ordered Ms. Ware to retreat at least three times.
Upon completing the arrest of Ms. Staggs, Officer Ferguson approached Ms. Ware and told her she was under arrest for obstructing. Ms. Ware yelled, "`your [sic] not going to take me'" and ran. Findings of Fact (FF) 5. Officer Ferguson apprehended Ms. Ware after a brief foot pursuit when she stopped, turned toward the officer, and raised her hands. At the adjudicatory hearing, Officer Ferguson demonstrated how Ms. Ware raised her hands, but those actions were not described for the record. Officer Ferguson then took Ms. Ware to the ground forcibly and arrested her for obstructing a law enforcement officer and resisting arrest.
The State charged Ms. Ware with one count of obstructing a law enforcement officer and one count of resisting arrest. Subsequent to an adjudicatory hearing, the juvenile court entered findings of fact and conclusions of law adjudicating Ms. Ware guilty on both counts. In the trial court's oral findings it reasoned Ms. Ware's statement, "`You're not going to take me,'" "which could readily be interpreted as an intention to resist what has now been found to be a lawful arrest...." Report of Proceedings (RP) at 65. The juvenile court imposed six months community supervision and eight hours community service, and also *282 ordered Ms. Ware to write a letter of apology to both officers.
Ms. Ware appeals arguing evidence insufficiency on both counts.

ANALYSIS
The issue is whether sufficient evidence exists to support the adjudications of guilt for obstructing a police officer and resisting arrest.

A. Standard of Review
Following an adjudicatory hearing, the juvenile court concluded Ms. Ware was guilty of obstructing an officer and resisting arrest. JuCR 7.11. In a juvenile offender proceeding like adult proceedings, the State must prove each element of the alleged offense beyond a reasonable doubt. State v. Alvarez, 128 Wash.2d 1, 13, 904 P.2d 754 (1995); State v. Avila, 102 Wash.App. 882, 895, 10 P.3d 486 (2000), review denied, 143 Wash.2d 1009, 21 P.3d 290 (2001); JuCR 7.11(a).
"Evidence is sufficient to support an adjudication of guilt in a juvenile proceeding if any rational trier of fact, viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime beyond a reasonable doubt." State v. Echeverria, 85 Wash.App. 777, 782, 934 P.2d 1214 (1997) (citing, inter alia, State v. Green, 94 Wash.2d 216, 221-22, 616 P.2d 628 (1980)). "When the sufficiency of the evidence is challenged in a criminal case, all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992) (citing State v. Partin, 88 Wash.2d 899, 906-07, 567 P.2d 1136(1977)).
"A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." Salinas, 119 Wash.2d at 201, 829 P.2d 1068 (citing State v. Theroff, 25 Wash.App. 590, 593, 608 P.2d 1254, aff'd, 95 Wash.2d 385, 622 P.2d 1240 (1980)). The reviewing court considers circumstantial evidence to be as equally reliable as direct evidence. State v. Myers, 133 Wash.2d 26, 38, 941 P.2d 1102 (1997); State v. Delmarter, 94 Wash.2d 634, 638, 618 P.2d 99 (1980).
The appellate court reviews the juvenile court's findings of fact "to determine whether they are supported by substantial evidence, which is a sufficient quantity of evidence to persuade a fair-minded, rational person of the truth of the allegation." Echeverria, 85 Wash.App. at 783, 934 P.2d 1214 (citing State v. Halstien, 122 Wash.2d 109, 128-29, 857 P.2d 270 (1993)). The juvenile court's unchallenged findings of fact are verities on appeal. Avila, 102 Wash.App. at 896, 10 P.3d 486.

B. Obstructing
"A person is guilty of obstructing a law enforcement officer if the person willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties." RCW 9A.76.020(1).
The statute's essential elements are (1) that the action or inaction in fact hinders, delays, or obstructs; (2) that the hindrance, delay, or obstruction be of a public servant in the midst of discharging his official powers or duties; (3) knowledge by the defendant that the public servant is discharging his duties; and (4) that the action or inaction be done knowingly by the obstructor[.]
State v. CLR, 40 Wash.App. 839, 841-42, 700 P.2d 1195 (1985); see also State v. Hudson, 56 Wash.App. 490, 496, 784 P.2d 533 (1990) (clarifying that intent is not an element of the crime of obstructing).
Ms. Ware contends she did not hinder, delay, or obstruct the officer, and if she had, it was not willful. In this connection, the juvenile court found Ms. Ware's "actions were knowing." FF 6. Ms. Ware challenges the finding because it neglects to state that her actions were willful. That argument must necessarily fail because the relevant statutes generally equate "willful" with "knowing." "A requirement that an offense be committed wilfully is satisfied if a person acts knowingly with respect to the material elements of the offense, unless a purpose to *283 impose further requirements plainly appears." RCW 9A.08.010(4).
A person knows or acts knowingly or with knowledge when:
(i) he is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or
(ii) he has information which would lead a reasonable man in the same situation to believe that facts exist which facts are described by a statute defining an offense.
RCW 9A.08.010(1)(b).
Regarding obstruction, the Washington Supreme Court Committee on Jury Instructions has advanced the following jury instruction: "Willfully means to purposefully act with knowledge that this action will hinder, delay, or obstruct a law enforcement officer in the discharge of the officer's official duties." 11A WASHINGTON PATTERN INSTRUCTIONS: CRIMINAL 120.02.01 (2d ed. Supp. 1998).
Ms. Ware relies on CLR, a case where Division One of this court held insufficient evidence of knowledge and hindering existed to support an adjudication for obstructing. CLR, 40 Wash.App. at 842-43, 700 P.2d 1195. But, CLR is easily distinguishable.
First, with respect to knowledge, the officer in CLR was not in uniform, was working undercover, and was conversing with a suspected prostitute when the defendant shouted out a warning from across the street. Id. at 841, 700 P.2d 1195. Division one reasoned the defendant was too far away to have knowledge that the undercover officer was trying to effectuate an arrest. Id. at 842, 700 P.2d 1195. Here, Ms. Ware approached within a few feet while uniformed officers were trying to arrest and subdue Ms. Staggs. It is readily apparent Ms. Ware knew she was confronting officers discharging their official duties and that her intervention would hinder or delay them in carrying out those duties. See State v. Lalonde, 35 Wash.App. 54, 61-62, 665 P.2d 421 (1983).
Second, with respect to proof of hindering, delaying, or obstructing, the CLR court reasoned the evidence was deficient because the officer was not in the process of arresting a suspected prostitute when the defendant uttered her warning to his target. CLR, 40 Wash.App. at 843, 700 P.2d 1195. Rather, the officer would ordinarily arrest a suspected prostitute later, after setting up the transaction underlying the crime. Id. Accordingly, Division One reasoned while the warning may have hindered the officer's future undercover work by exposing his identity, there was insufficient evidence the warning interfered with the execution of his official duties at the time it was uttered. Id.
Here, the juvenile court did not enter a specific finding as to hindering, delaying, or obstructing. But the juvenile court's unchallenged findings show Ms. Ware repeatedly approached the uniformed officers while they were trying to subdue Ms. Staggs and challenged their actions. Each time Ms. Ware approached, Officer Ferguson warned Ms. Ware to keep away. See Lalonde, 35 Wash. App. at 61, 665 P.2d 421 (reasoning evidence sufficient where officers were trying to arrest another, defendant interfered verbally to "`keep things calm,'" officers told defendant "to get back," but defendant refused and was forced back). Despite the repeated warnings, Ms. Ware insisted on approaching and challenging the officers. Id. These findings raise a permissible inference that Ms. Ware hindered, delayed, or obstructed Officer Ferguson as he attempted to subdue Ms. Staggs. See id.
Moreover, Ms. Ware fled upon being told she was under arrest. See Hudson, 56 Wash.App. at 497, 784 P.2d 533 (reasoning flight from arrest "constitutes obstructing, hindering, or delaying"). It is readily apparent her flight delayed and hindered Officer Ferguson in effectuating her arrest. Id.
Viewing the foregoing in a light most favorable to the State, sufficient evidence exists to support the adjudication of guilt of obstructing an officer. Hudson, 56 Wash. App. at 497-98, 784 P.2d 533; Lalonde, 35 Wash.App. at 61-62, 665 P.2d 421.

C. Resisting Arrest
"A person is guilty of resisting arrest if he intentionally prevents or attempts to prevent a peace officer from lawfully arresting him." RCW 9A.76.040(1). "A person *284 acts with intent or intentionally when he acts with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a).
"One may resist arrest by various types of conduct." State v. Williams, 29 Wash.App. 86, 92, 627 P.2d 581 (1981). Here, Ms. Ware "ran away from a police officer who was attempting to arrest" her. State v. Walls, 106 Wash.App. 792, 800, 25 P.3d 1052 (2001) (Schultheis, J., dissenting). "That is resisting arrest." Id. (citing RCW 9A.76.040). Similarly, the juvenile court judge reasoned in his oral decision that Ms. Ware's, statement indicating she would not be taken "could readily be interpreted as an intention to resist what has now been found to be a lawful arrest...." RP at 65.
Even so, the court's written findings merely indicated Ms. Ware's "actions were knowing." FF 6. But, from the court's oral reasoning and the juvenile court's other findings we can infer the required intent. See Avila, 102 Wash.App. at 897, 10 P.3d 486. Moreover, after her statement, she fled with Officer Ferguson in pursuit. Viewed in a light most favorable to the State, these facts raise a permissible inference that Ms. Ware intentionally attempted to prevent the officer from arresting her. RCW 9A.76.040(1).

D. Revision of Findings
Although sufficient evidence exists supporting the adjudication of guilt for both obstructing and resisting arrest, the juvenile court's findings of fact require revision. JuCR 7.11(d) requires the trial court to enter written findings of ultimate fact with respect to each element of the crime. Alvarez, 128 Wash.2d at 16, 904 P.2d 754; Avila, 102 Wash.App. at 896, 10 P.3d 486. When the evidence is sufficient to support an adjudication of guilt, but the juvenile court's findings are deficient, the appellate court will remand for revision of the findings. Alvarez, 128 Wash.2d at 19, 904 P.2d 754; Avila, 102 Wash.App. at 896, 10 P.3d 486.
Here, the juvenile court's findings do not adequately address two necessary elements. First, the trial court did not enter written findings regarding whether Ms. Ware's actions in fact hindered, delayed, or obstructed Officer Ferguson. RCW 9A.76.020(1). Second, the juvenile court's written findings need to reflect Ms. Ware intentionally resisted arrest. RCW 9A.76.040(1). Accordingly, remand is appropriate for revision of the findings of fact and conclusions of law. Alvarez, 128 Wash.2d at 19, 904 P.2d 754; Avila, 102 Wash.App. at 897, 10 P.3d 486. On remand, the juvenile court may not take new evidence and must rely on the evidence already submitted in revising its findings and conclusions. State v. Head, 136 Wash.2d 619, 625, 964 P.2d 1187 (1998); Avila, 102 Wash. App. at 897, 10 P.3d 486.

CONCLUSION
The evidence is sufficient to support adjudication for both counts, but remand is necessary for revision of the findings as discussed here.
Affirmed, and remanded to revise findings to conform to this opinion.
WE CONCUR: SCHULTHEIS and KATO, JJ.