[No. 25684-7-III.   Division Three.   December 18, 2007.]

SHARON G. BISHOP, *Appellant*, v. THE CITY OF SPOKANE, *Respondent*.

*Dustin D. Deissner* (of *Van Camp & Deissner*), for appellant.

*James S. Craven, City Attorney*, and *Ellen M. O'Hara, Assistant*, for respondent.

¶1 SWEENEY, C.J. — This is a civil suit for false arrest. The question is whether the police had probable cause to arrest the plaintiff for "obstructing a law enforcement officer." SPOKANE MUNICIPAL CODE (SMC) 10.07.032. It required that the officer have reasonably trustworthy information that the plaintiff here willfully hindered, delayed, or obstructed the officer in the discharge of his duties. The officer's car blocked the plaintiff's driveway. He had stopped another car in front of the plaintiff's house. The plaintiff then drove around the officer's car, after the officer refused to move it. He arrested her for obstructing. We conclude there are genuine issues of material fact and reverse the summary dismissal of her suit.

## FACTS

¶2 Sharon Bishop lives on Francis Avenue in Spokane, Washington. Ms. Bishop parked her truck in her driveway. The front of the truck faced the street. She and her son were in the process of loading items into her truck.

¶3 Officer Jon Strickland pulled a driver over on Francis. The car and the police officer stopped in front of Ms. Bishop's home. The police car blocked Ms. Bishop's driveway. Ms. Bishop's son, James Lelko, asked the police officer to move his car forward or backward so they could leave. The police officer refused.

¶4 Ms. Bishop then went to the police officer. She started to say, "Sir could you . . ." when the officer cut her off, yelling, "Shut up and back up. Your son has already asked me and I told him no. I'll deal with you later." Clerk's Papers (CP) at 45.

¶5 Ms. Bishop turned around and started walking back toward her truck. She finished loading the truck. She then

started her truck and tried to go around the officer's car. The front section of her yard is blacktopped to allow cars to park. It also allows cars to drive across it if necessary to get onto the street. Her truck was either on the driveway or on the blacktopped section.

¶6 Ms. Bishop pulled her truck back so she could maneuver around the patrol car. She was ready to pull onto Francis Avenue when the officer banged on the back of her truck. The officer yelled at her to stop and placed her under arrest. The officer handcuffed Ms. Bishop and searched her. He placed her in the back of a patrol car. Ms. Bishop said that the officer called her a "stupid woman," "yelled" at her, and was angry and "rude." CP at 41-42. She was cited and released.

¶7 Ms. Bishop sued the city of Spokane (City). She alleged that the officer's treatment was illegal and tortious. She also stated that his conduct violated her civil rights and constituted a series of other offenses including harassment, intimidation, negligence, and reckless endangerment. The City moved to dismiss for failure to state a claim or for summary judgment.

¶8 The court concluded that Ms. Bishop had failed to state a claim and that she did not offer sufficient evidence to support a violation of civil rights, reckless endangerment, harassment, intimidation, negligence, or other tortious conduct. The trial court dismissed Ms. Bishop's claim but allowed her to amend the complaint to state a different cause of action.

¶9 Ms. Bishop amended her complaint to include "wrongful arrest." CP at 55. The City again moved for summary judgment. The trial court dismissed the case on summary judgment.

## DISCUSSION

### WILLFUL OBSTRUCTION

¶10 Ms. Bishop first contends that the officer did not have probable cause to arrest because it is not unlawful to

drive on the sidewalk, she did not disobey a lawful order, and, in any event, she did not willfully obstruct the officer. The City responds that the police officer had probable cause to arrest her for interfering in the performance of his duties.

¶11 We review the trial court's grant of summary judgment de novo. *Blumenshein v. Voelker*, 124 Wn. App. 129, 133, 100 P.3d 344 (2004). A motion for summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Richardson v. Denend*, 59 Wn. App. 92, 94-95, 795 P.2d 1192 (1990). Facts and reasonable inferences must be considered in the light most favorable to the nonmoving party. *Blumenshein*, 124 Wn. App. at 133.

¶12 Probable cause requires knowledge of facts and circumstances that would lead a reasonable officer to believe a crime has been committed. *State v. Potter*, 156 Wn.2d 835, 840, 132 P.3d 1089 (2006). This should be based on reasonably trustworthy information. *Id*. The officer does not need evidence to prove each element of a crime beyond a reasonable doubt at the time of an arrest. *Id*. The officer is required only to be aware of facts sufficient to cause a reasonable person to believe a crime has been committed. *Id*.; *State v. Gaddy*, 152 Wn.2d 64, 70, 93 P.3d 872 (2004).

¶13 Ms. Bishop was charged under SMC 10.07.032, which proscribes "obstructing a law enforcement officer." This offense is committed when a person "willfully hinders, delays or obstructs any law enforcement officer in the discharge of his [or her] official powers or duties." SMC 10.07.032(A). SMC 10.07.032(A) is identical to RCW 9A.76.020(1).[1]

¶14 Ms. Bishop needed then to either willfully (1) hinder, or (2) delay, or (3) obstruct the law enforcement officer in his

---

[1] "A person is guilty of obstructing a law enforcement officer if the person willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties." RCW 9A.76.020(1).

official duties. RCW 9A.76.020(1). The legislature amended RCW 9A.76.020 in 1994. LAWS OF 1994, ch. 196, § 1. Before the 1994 amendment, the mens rea for the offense was "knowingly." Former RCW 9A.76.020 (1975). The legislature classified it as a misdemeanor. *Id.*

¶15 The 1994 amendment elevated the offense to a gross misdemeanor. LAWS OF 1994, ch. 196, § 1. The legislature also substituted the word "willfully" for "knowingly" in the statute for obstruction of a law enforcement officer. RCW 9A.76.020(1); former RCW 9A.76.020 (1975). "While the term 'wilful' has been given many meanings, our focus during construction, when necessary, is on the legislative context." *City of Spokane v. White*, 102 Wn. App. 955, 961, 10 P.3d 1095 (2000); *State v. Bauer*, 92 Wn.2d 162, 167, 595 P.2d 544 (1979). "Although, 'wilful' may connote an absence of excuse or justification, it often connotes an act that is voluntary or knowing." *White*, 102 Wn. App. at 961-62. We have concluded that "[a] requirement that an offense be committed wilfully is satisfied if a person acts knowingly with respect to the material elements of the offense." RCW 9A.08.010(4); *State v. Ware*, 111 Wn. App. 738, 743, 46 P.3d 280 (2002). The relevant statutes generally equate "willful" with "knowing." *Ware*, 111 Wn. App. at 743 (citing RCW 9A.08.010(4)).

¶16 The change in wording (of "knowing" to "willful") does not "plainly" indicate a change in the mens rea requirement. Rather, the legislature is presumed to know the statutory scheme, including the provisions in RCW 9A.08.010(4), which equates the two words ("willful" and "knowing"). *See State v. Chapman*, 140 Wn.2d 436, 448, 998 P.2d 282 (2000); *Ware*, 111 Wn. App. at 743. If it had intended a more stringent mental element, it would have stated that purpose directly. *See Chapman*, 140 Wn.2d at 448; *Ware*, 111 Wn. App. at 743.

¶17 Ms. Bishop had not been stopped for a traffic offense. Her truck was sitting on her driveway when the police officer stopped another vehicle. The officer parked his patrol car in front of her driveway. Ms. Bishop tried to talk to the officer

and have him move his car. His response was to say, "Shut up and back up. Your son has already asked me and I told him no. I'll deal with you later." CP at 45.

¶18 We conclude a reasonable trier of fact could find that this is not obstruction. More is required of the person than driving around a parked car after an officer has said, "Shut up . . . . I'll deal with you later." Or, at least, there is a genuine issue of material fact as to whether her action of driving around the patrol car obstructed the law enforcement officer in his official duties.

¶19 In *State v. Turner*, the court convicted a man for obstructing a law enforcement officer when the man did not provide identification to the officer after he requested it, threatened to assault the officer, and lunged toward him. *State v. Turner*, 103 Wn. App. 515, 518-19, 13 P.3d 234 (2000).

¶20 In *State v. Hudson*, police stopped a car with juveniles in it. *State v. Hudson*, 56 Wn. App. 490, 492, 784 P.2d 533 (1990). Two of the officers, wearing plain clothes and riding in an unmarked patrol car, pulled their vehicle in front of the car at an intersection to block its path. *Id.* The plain-clothed officers got out of their car and drew their guns while identifying themselves. A plain-clothed officer ordered the defendant out of his car. *Id.* The defendant got out of his car and looked at the officers with their guns drawn. *Id.* He fled. *Id.* The court concluded he was *guilty of* hindering, delaying, or obstructing a public servant in violation of the statute for his intentional flight. *Id.*

¶21 The facts here are different. First, there is a genuine issue of material fact regarding whether the police officer wanted to detain Ms. Bishop by the words "[s]hut up . . . . I'll deal with you later." CP at 45. There is also a genuine issue of material fact as to whether her "flight" was willful since she was not aware that the officer intended to detain her. What the officer meant by "get back" and "I will deal with you later" is also a question of fact. CP at 37.

¶22 Ms. Bishop contends that she did not willfully obstruct justice or disobey a command from a police officer.

Ms. Bishop did not know the police officer had given a *command*.

¶23 Again, in *Hudson*, the trial court found a man guilty of hindering, delaying, or obstructing a public servant for his *intentional* flight while police officers were clearly trying to detain him. *Hudson*, 56 Wn. App. at 492. The officers had their guns drawn and asked him to get out of his car. *Id.* In *Hudson*, the defendant clearly tried to obstruct law enforcement officials when he fled. *Id.* In this case, there is a genuine issue of material fact as to whether Ms. Bishop intentionally tried to obstruct the officer by driving around his parked car.

¶24 The City was not entitled to judgment as a matter of law. CR 56(c); *Denend*, 59 Wn. App. at 94-95. We conclude there is a genuine issue of material fact as to whether the officer had probable cause to believe that Ms. Bishop knowingly or willfully acted to obstruct the law enforcement officer in his official duties as required. *Ware*, 111 Wn. App. at 743; *see* RCW 9A.08.010(4); CR 56(c); *Denend*, 59 Wn. App. at 94-95.

CONSTITUTIONALITY OF THE OBSTRUCTING ORDINANCE

¶25 Ms. Bishop also argues that the City's ordinance is unconstitutionally vague as applied because Ms. Bishop had to guess at the officer's meaning. Here, she spoke only once to the officer. A question here is whether Ms. Bishop would have had to guess that " 'get back, I'll deal with you later' " really meant " 'stay in your car and don't move.' " Appellant's Br. at 19. Ms. Bishop argues that the statute is too vague as applied here to permit a lawful arrest.

¶26 The City responds that we need not address Ms. Bishop's constitutional argument because the officer had probable cause to arrest her for other crimes. Under SMC 16.61.022 any person who "willfully fails to stop when requested or signaled to do so by a person reasonably identifiable as a law enforcement officer" is guilty of a misdemeanor. And if the officer had probable cause to arrest Ms. Bishop for any crime under Washington law, then the

arrest is valid. And this lawsuit was properly dismissed, the City urges.

¶27 We review constitutional challenges de novo. *State v. Brown*, 95 Wn. App. 952, 956, 977 P.2d 1242 (1999), *aff'd*, 142 Wn.2d 57, 11 P.3d 818 (2000); *Fusato v. Wash. Interscholastic Activities Ass'n*, 93 Wn. App. 762, 767, 970 P.2d 774 (1999) (citing *Washam v. Sonntag*, 74 Wn. App. 504, 507, 874 P.2d 188 (1994)). A law can be unconstitutionally vague as applied in a specific factual scenario. *State v. Lalonde*, 35 Wn. App. 54, 57, 665 P.2d 421 (1983); *City of Bellevue v. Miller*, 85 Wn.2d 539, 536 P.2d 603 (1975).

¶28 But the presumption is that an ordinance is constitutional. *Lalonde*, 35 Wn. App. at 59. "The fact that the application of a statute may be uncertain in exceptional cases does not render it unconstitutionally vague so long as the general area of conduct against which it is directed is made plain." *Id.; City of Seattle v. Buchanan*, 90 Wn.2d 584, 594, 584 P.2d 918 (1978).

¶29 Due process requires that an ordinance be specific in its prohibitions. *Lalonde*, 35 Wn. App. at 57. That means that citizens must have fair notice of what is required under the statute. *Id.* at 57-58. "To meet the fair notice requirement, a statute or ordinance must be sufficiently specific that men and women of reasonable understanding are not required to guess at its meaning." *Id.* at 58; *City of Seattle v. Drew*, 70 Wn.2d 405, 408, 423 P.2d 522 (1967).

¶30 Legislation must have standards for adjudication so that judges, juries, and police officers are not free to determine what is permitted and prohibited depending upon the facts of each case. *Lalonde*, 35 Wn. App. at 57-58; *Papachristou v. City of Jacksonville*, 405 U.S. 156, 168-71, 92 S. Ct. 839, 31 L. Ed. 2d 110 (1972); *City of Seattle v. Rice*, 93 Wn.2d 728, 612 P.2d 792 (1980). That the application of this ordinance may be uncertain in an exceptional case does not render it unconstitutionally vague. *Lalonde*, 35 Wn. App. at 59; *Buchanan*, 90 Wn.2d at 594. Only the general area of conduct prohibited by the obstruction ordinance

need be plain. *Lalonde*, 35 Wn. App. at 59; *Buchanan*, 90 Wn.2d at 594.

 ¶31 Here, a person is not allowed to "willfully hinder[ ], delay[ ] or obstruct[ ] any law enforcement officer in the discharge of his [or her] official powers or duties." SMC 10.07.032(A). This ordinance is specific in its prohibitions. SMC 10.07.032; RCW 9A.76.020(1); *Lalonde*, 35 Wn. App. at 58. The fact that the application of this ordinance may have been vague in this particular instance does not render it unconstitutionally vague overall. *Lalonde*, 35 Wn. App. at 59; *Buchanan*, 90 Wn.2d at 594. We conclude that the general area of conduct that is prohibited here is sufficiently specific that men and women of reasonable understanding would not be required to guess at its meaning. *Lalonde*, 35 Wn. App. at 58; RCW 9A.76.020. The ordinance as applied is not unconstitutionally vague. *Lalonde*, 35 Wn. App. at 59. There is simply a genuine issue of material fact as to whether Ms. Bishop's action of driving around the patrol car violated the ordinance. SMC 10.07.032; RCW 9A.76.020; *Lalonde*, 35 Wn. App. at 59; *Denend*, 59 Wn. App. at 94-95.

¶32 We reverse the summary dismissal and remand for trial.

SCHULTHEIS and BROWN, JJ., concur.