**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD GRAVELET-BLONDIN;
KRISTI GRAVELET-BLONDIN,

Plaintiffs-Appellants,

v.

JEFF SHELTON; CITY OF
SNOHOMISH,

Defendants-Appellees.

No.   14-35515

D.C. No. 2:09-cv-01487-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted October 4, 2016
Seattle, Washington

Before:  W. FLETCHER, GOULD, and N.R. SMITH, Circuit Judges.

Donald Gravelet-Blondin ("Blondin") brought suit against defendants

Sergeant Jeff Shelton and the City of Snohomish ("the City") claiming, *inter alia*,

that the defendants violated his Fourth Amendment rights when Sergeant Shelton

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

tased and arrested Blondin during a response to a 911 call of an armed-suicide-in-progress. The district court granted summary judgment for the defendants on all claims. *Gravelet-Blondin v. Shelton*, No. C09–1487RSL, 2012 WL 395428, at *11 (W.D. Wash. Feb. 6, 2012). We reversed, holding that there were issues of fact on Blondin's excessive force and unlawful arrest claims, and that qualified immunity did not apply. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1100 (9th Cir. 2013). On remand, the district court held a two-week jury trial. The jury found for Sergeant Shelton and the City on all claims. Blondin appeals, contending that the district court erred in denying his renewed motion for judgment as a matter of law and erred in instructing the jury. We affirm.

First, the outcome of our earlier panel opinion does not control the outcome here. In our prior opinion reviewing the district court's grant of summary judgment for the defendants, we examined the discovery record and construed all factual disputes in Blondin's favor. *Id.* at 1090. Based on that record and the construction of facts in the light most favorable to the nonmoving party, we held that a reasonable jury could conclude that Blondin's tasing and arrest violated the Fourth Amendment. *Id.* at 1092. But now, on appeal from a jury verdict in the defendants' favor, we review a different record—the facts revealed at trial—and this time we construe them in favor of the defendants—the opponents to the

present motion. *See Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1040 (9th Cir. 2003). We also ask a different question: whether a reasonable jury could find that Blondin's tasing and arrest *were not* in violation of the Fourth Amendment. *See Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001). We cannot reverse the jury's determination if it is supported by substantial evidence. *Id.*

Reviewing the record at trial in the light most favorable to the defendants, we conclude that there was substantial evidence to support a conclusion that Sergeant Shelton's use of the taser against Blondin was not excessive. *See generally Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc) (application of excessive force standard to tasings). The evidence supports that Blondin himself was a threat. There was testimony that Blondin took on a "bladed stance," indicating a readiness to attack, and that he did not step back, put his hands up, or convey any willingness to comply with Sergeant Shelton's orders. Blondin also came right up to the officers, as close as ten feet away, and ignored as many as twelve commands over a thirty-second period, including warnings that he would be tased and arrested. This view of the events is a far cry from the thirty-seven-foot-away fear-frozen Blondin at summary judgment who took steps

backward, heard only a few commands (two of which were contradictory), and had no full warning before being tased. *See Gravelet-Blondin*, 728 F.3d at 1089–90.

Though on the prior appeal we declined to consider the danger of the armed-suicide-in-progress in assessing the threat posed by Blondin, the evidence at trial supports a connection between that danger and Blondin's threat level. Four different officers testified to the high level of danger created by a suicide-in-progress when a firearm is unsecured. Here, it was enough for the officers to "close the air" and to line up behind a ballistic shield for protection. Injecting himself into this volatile situation, Blondin created a "dangerous distraction." Considering the entire context of the events that day, *see Mattos*, 661 F.3d at 450, the trial record supports a jury conclusion that Sergeant Shelton's use of force was reasonable.

There is also substantial evidence that the officers had probable cause to arrest Blondin for obstruction. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc); Wash. Rev. Code § 9A.76.020 (crime of obstructing a law enforcement officer). Again, there was testimony at trial that Blondin came within ten feet of the officers and disregarded as many as twelve police commands over a thirty-second period, all while showing no signs of compliance. This forced Sergeant Shelton and another officer to leave the suicidal individual, Jack Hawes,

and turn their attention to Blondin. That could have had disastrous consequences. In addition, two other officers had to briefly turn away from Hawes. This evidence supports a jury finding that there was at least a "fair probability," *Lacey*, 693 F.3d at 918 (quotations omitted), that Blondin had committed obstruction, *see State v. Lalonde*, 35 Wash. App. 54, 61–2 (1983).

Finally, the district court did not err in rejecting Blondin's proposed jury instructions or in modifying the model instructions.[1] For both the excessive force and unlawful arrest claims, the district court used slightly modified versions of the model instructions. *See* Ninth Circuit Manuel of Model Civil Jury Instructions 9.22; Wash. Pattern Jury Instructions—Criminal 120.01, 120.02.01. The instructions as modified correctly stated the law, were supported by the evidence, fairly covered the issues at trial, and were not misleading. *See Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014). The district court did not abuse its discretion

---

[1] Blondin challenges the rejection of the following proposed instructions: No. 28, "Shooting a Taser in dart mode is not a trivial or low level of force;" No. 29, "It is unreasonable to use more than trivial force to gain compliance or overcome passive resistance;" No. 31, "In considering whether Shelton used unreasonable force on Blondin, the term 'active resistance' requires some form of physical resistance, and not mere non-compliance;" No. 32, "When considering whether defendant Shelton had probable cause to arrest or charge plaintiff Don Blondin for 'obstructing,' you are instructed that mere non-compliance with a police order, standing along [sic], cannot form the basis for probable cause to arrest."

in choosing the instructions or rejecting Blondin's proposed instructions.  *See, e.g.*,

*Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir. 2000).

**AFFIRMED.**